IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOE RANGER PICKETT, # 128361,    :

    Plaintiff,    :

vs.    :    CIVIL ACTION 21-0212-JB-MU

KAY IVEY, *et al.,*    :

    Defendants.    :

**REPORT AND RECOMMENDATION**

Plaintiff Joe Ranger Pickett, an Alabama prisoner inmate who is proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 without paying the $402 filing and administrative fees or a motion to proceed without prepayment of fees.[1] (Docs. 1, 2). Upon review of the complaint and Pickett's litigation history, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) because Pickett is barred from proceeding *in forma pauperis* and did not pay the filing and administrative fees at the time when he filed his complaint.

**I. Section 1915(g) and Pickett's Litigation History.**

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

> that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when he files his next action. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin,* 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199 (2007).

The undersigned reviewed the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama to determine if Pickett has three or more actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. From those dockets, the Court discovered that Pickett has had three actions dismissed for one of the foregoing reasons, namely, *Pickett v. Thompson, et al.,* CA No. 2:93-00642-ID-CSC (M.D. Ala. Nov. 24, 1993) (complaint dismissed as frivolous); *Pickett v. Esdale, et al.,* CA No. 93-00294-ID-JLC (M.D. Ala. Apr. 15, 1993) (complaint dismissed as frivolous); and *Picket v. Phelps, et al.*, CA No. 2:92-cv-01289-TMH-JLC (M.D. Ala. Nov. 6, 1992) (complaint dismissed as frivolous).[2] Therefore, Pickett has accumulated "three strikes," which brings the present action within the scope of 28 U.S.C. § 1915(g). And Pickett

---
[2] The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center. *Grandinetti v. Clinton,* 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

understands § 1915(g) applies to his § 1983 complaints because he has had prior actions dismissed pursuant to § 1915(g). *See, e.g., Pickett v. Bentley, et al.*, CA No. 2:15-cv-00693-WKW-WO (M.D. Ala. Oct. 9, 2015); *Pickett v. Welch, et al.*, CA No. 2:11-cv-00923-WHA-CSC (M.D. Ala. Dec. 1, 2011); *Pickett v. Siegelman, et al.,* CA No. 2:01-cv-01007-ID-SRW (M.D. Ala. Oct. 18, 2001).[3] Thus, he also knows unless he satisfies the exception to § 1915(g), his action will be dismissed.

## II. **Section 1915(g)'s Exception.**

Section 1915(g)'s exception requires that at the time of the complaint's filing, Pickett's allegations show that he was "under imminent danger of serious physical injury," and not at a prior time. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999); *see Adbul-Akabar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied,* 533 U.S. 953 (2001). The exception is "an escape hatch for genuine emergencies," where "time is pressing" and "a threat or prison condition. . . is real and proximate" and "the potential consequence is 'serious physical injury.'" *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002). To determine if § 1915(g)'s exception is met, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious

---

[3] PACER (Public Access to Court Electronic Record) shows Pickett has filed 38 actions, including the present action,

3

physical injury[.]" *Ball v. Allen,* 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished); *see Brown,* 387 F.3d at 1350. Pickett has not done this.

In the complaint, Pickett's allegations do not convey that he is in imminent danger of suffering a serious physical injury. Many of his allegation do not impart an intelligible thought or a thought clearly showing a plausible constitutional violation. Pickett's allegations describe a wide-ranging conspiracy as reflected in this example from his allegations.

> Alabama overcrowded lack of security health hazard imminent dangerous situation founded by conspiracy to deprive by Alabama public officials invest in a billion dollar health insurance company & public[]ly traded-securities exchange commission, Alabama Comptroller's Office, U. S. Comptroller's Office coverage in health insurance annually on Alabama inmates and kick out dividend or compound interest on the investment to its investor-defendants herein who are being sued in their individual capacity for Article XIII, §§ 252 & 253 state conflict of interest forbids Defendant herein who are in fact public officials shall be a stockholder in any bank. . . . [sic]

(Doc. 1 at 4, PageID.4). In the remainder of his allegations, he maintains that Defendant officials protect other Defendants from civil and criminal actions, (*id.*), "officials draw compound interest off" him to obtain federal grants under the "disguise of a violent offender" which is a conflict of interest, (*id.* at 5, PageID.5), and he is labeled as violent so parole official Defendants can deny him parole so the "stakeholders get their compound interest through Blue Cross Blue Shield in conspiracy with other Defendants. . . ." (*Id.* at 8, PageID.8). Defendants are alleged to be concerned with their financial interest instead of the "parole denial rates in overcrowded[,] cruel and unusual conditions coupled with imminent dangerous covid-19 pandemic. . . " (*Id.*). For

4

relief, Pickett wants the financial records of all the public official Defendants which will reveal they are receiving compound interest from Alabama inmates by way of Blue Cross Blue Shield and by way of Alabama Bureau of Pardons and Paroles. (*Id.*).

The exception to § 1915(g) requires Pickett be "under imminent danger of serious physical injury" at the time he filed the complaint. His allegations, however, lack specificity and do not show an ongoing serious physical injury or a pattern indicating the likelihood of imminent serious physical injury. Thus, his allegations do not come within the § 1915(g)'s "under imminent danger of serious physical injury" exception. *Brown,* 387 F.3d at 1350.

### III. Conclusion.

Because Pickett cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the filing and administrative fees of $402 at the time he filed this action, this action is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). *Dupree,* 284 F.3d at 1236; *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.), *cert. denied,* 535 U.S. 976 (2002).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28

U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE and ORDERED** this 28th day of May, 2021.

                              /s/ P. BRADLEY MURRAY
                              **UNITED STATES MAGISTRATE JUDGE**